**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENET CIRCUIT

---

ANTONIO AGUILAR-AGUILAR,

    Petitioner,

v.

JANET NAPOLITANO, Secretary
of Homeland Security,

    Respondent.

No. 11-9565

---

### ON PETITION FOR REVIEW OF A DECISION
### OF THE DEPARTMENT OF HOMELAND SECURITY

---

Jaime Jasso, Law Office of Jaime Jasso, Westlake Village, California, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Civil Division, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington D.C., for Respondent.

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK,** Circuit Judge.[*]

---

**BALDOCK**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel had determined unanimously that oral argument would not materially assist the determination of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

In August 2010, the Department of Homeland Security (DHS) commenced "regular" removal proceedings against Petitioner Antonio Aguilar-Aguilar, a citizen of Mexico, pursuant to 8 U.S.C. § 1229a. In response to the Notice to Appear (NTA), Petitioner conceded his removability under 8 U.S.C. § 1182(a)(6)(A)(i) as "[a]n alien present in the United States without being admitted." Petitioner informed the immigration judge (IJ), however, that he was in the process of seeking discretionary relief in the form of adjustment of status to lawful permanent resident as provided for in 8 U.S.C. § 1255(i). Over Petitioner's objection, DHS then moved pursuant to 8 C.F.R. § 239.2(c) to dismiss the NTA as improvidently issued and terminate Petitioner's § 1229a proceedings without prejudice. As an alien without lawful residency who had been convicted of an aggravated felony, Petitioner was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), and thus amenable to "expedited" removal proceedings under 8 U.S.C. § 1228(b). After the IJ granted DHS's motion, DHS commenced § 1228(b) proceedings against Petitioner and issued a Final Administrative Removal Order (FARO) directing his removal to Mexico. Consistent with § 1228(b)(5), the FARO found Petitioner "ineligible for any relief from removal that [DHS] may grant in an exercise of discretion."[1] His application for adjustment of status thwarted, Petitioner now asks us to review a FARO he claims DHS issued

---

[1] Section 1228(b)(5) states that "[n]o alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion." 8 U.S.C. § 1228(b)(5).

in violation of his Fifth Amendment right to procedural due process. Because the FARO constitutes a "final order of removal," we have jurisdiction to review it under 8 U.S.C. § 1252(a)(1). Subsection (a)(2)(D) specifically empowers us to review Petitioner's constitutional claim. For the reasons stated herein, we deny review.

I.

The regulations applicable to § 1228(b) proceedings subject Petitioner to expedited removal if "clear, convincing, and unequivocal evidence" establishes he (1) is an alien; (2) has not been lawfully admitted for residency; (3) has been convicted of an aggravated felony (and that conviction is final); and (4) is deportable under § 1227(a)(2)(A)(iii). 8 C.F.R. § 238.1(b)(1)(i)–(iv), (d)(1)–(2). Petitioner does not contest these facts as found in the FARO, and thereby effectively concedes he meets the criteria for removal under § 1228(b). Petitioner does not deny that he entered and remained in the United States illegally. Nor does Petitioner deny that California convicted him in 2009 of performing a lewd act upon a child under the age of fourteen. This crime is defined in 8 U.S.C. §1101(a)(43)(A) as an aggravated felony and renders Petitioner deportable under § 1227(a)(2)(A)(iii). Given these undisputed facts, § 1228(c) tells us Petitioner "shall be conclusively presumed to be deportable from the United States." Moreover, Petitioner acknowledges DHS had "unfettered discretion to commence removal proceedings against [him] either in regular [§ 1229a] or expedited [§ 1228(b)] proceedings." Pet. Reply Br. at 7.

3

So why are we here?  To begin, Petitioner claims DHS exercised its discretion once and for all when it instituted regular removal proceedings against him.

> As a result [Petitioner] filed his application for [discretionary] relief as authorized by statutes and regulations enabling him to seek relief from removal despite the fact that he was deemed an aggravated felon.  But before a decision [was] made on the merits of [his] application for relief, DHS arbitrarily elect[ed] to change the course of proceedings . . . and . . . place [Petitioner] in expedited removal proceedings solely to eliminate his statutory eligibility for relief from removal.

Id.  Appearing before an IJ in El Paso, Texas by video teleconference from the Otero County Detention Center in New Mexico, Petitioner objected to DHS's motion to dismiss the NTA and terminate his § 1229a proceedings because such action would deprive him of a decision on his application for adjustment of status.  The IJ said true enough, but not enough:

> The fact that the DHS initially (and likely erroneously) chose to file [§ 1229a proceedings] in this case does not render [Petitioner] any less amenable to the administrative removal provisions of [§1228(b)] and does not prevent the DHS from requesting termination in order to process [Petitioner] for removal pursuant to th[ese] provision[s].  The court finds there is good cause in this case to terminate removal proceedings and therefore will grant the DHS motion.

Supp. Admin. Rec. at 53.  After the Board of Immigration Appeals (BIA) dismissed Petitioner's administrative appeal, he appealed to the Fifth Circuit Court of Appeals.  But the Fifth Circuit ruled it lacked jurisdiction absent a final order of removal appealable pursuant to § 1252(a)(1).  Aguilar-Aguilar v. Holder, No. 11-60715, Order (5th Cir. Dec. 7, 2011) (per curiam) (unpublished).

4

A week after the BIA dismissed Petitioner's appeal, DHS instituted expedited removal proceedings against him. A deportation officer (DO) served Petitioner pursuant to 8 C.F.R. § 238.1(b)(2) with a Notice of Intent (NOI). As the charging document, the NOI set forth DHS's preliminary determinations consistent with § 238.1(b)(1)(i)–(iv), and informed Petitioner of DHS's intent to issue a FARO directing his removal to Mexico without a hearing before an IJ (or appeal to the BIA). The NOI advised Petitioner of the procedural safeguards applicable to § 1228(b) proceedings. These safeguards, set forth in § 1228(b)(4) and 8 C.F.R. § 238.1(b)(2) & (c), included Petitioner's right to retain counsel, to inspect the evidence against him, to rebut the charges, and to request withholding of removal to a particular country if fearful of persecution or torture. The NOI advised Petitioner that to preserve these safeguards, he must respond to the charges or request an extension of time within 10 days of service as required by § 238.1(c)(1).

On the first section of the certificate of service form attached to the NOI, the DO marked a box indicating that he "explained and/or served this Notice of Intent to the alien in the Spanish language." Admin. Rec. at 2. The DO also marked a box indicating "[t]he alien refused to acknowledge receipt of this document." Id. Inexplicably, however, the DO also marked a box on the second section of the form indicating Petitioner "wish[ed] to contest and/or to request withholding of removal." Id. The DO marked another box indicating Petitioner would request withholding

5

because he feared torture in a country unspecified.[2]  The DO did not mark any of the boxes in the second section indicating Petitioner wished to challenge DHS's preliminary determinations bearing upon his removability under § 1228(b), namely, that he was an alien unlawfully present in the United States and an aggravated felon deportable under § 1227(a)(2)(A)(iii).  Nor did the DO mark any of the boxes in the third section of the form indicating Petitioner admitted the charges and conceded deportability.

Presumably because Petitioner refused to acknowledge receipt of the NOI, the DO issued the FARO to Petitioner at the same time he served him with the NOI.  The FARO set forth DHS's findings of fact and conclusions of law consistent with the NOI's preliminary determinations and ordered Petitioner removed.  Petitioner did not respond to the NOI, but instead timely appealed DHS's issuance of the FARO pursuant to § 1228(b)(3).[3]  On appeal, Petitioner argues DHS deprived him of

---

[2] Petitioner does not now, nor did he as part of his § 1229a proceedings, assert he fears persecution or torture if returned to Mexico.

[3] At this point, we need acknowledge the Eighth Circuit's decision in Escoto-Castillo v. Napolitano, 658 F.3d 864 (8th Cir. 2011).  In that case, the court held it lacked jurisdiction because petitioner's failure to move to reopen his § 1228(b) proceedings based on newly discovered evidence constituted a failure to exhaust the administrative remedy provided for in 8 C.F.R. § 103.5(a)(1)(i).  Id. at 866.  To be sure, 8 U.S.C. § 1252(d)(1) states a court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  But the regulations applicable to § 1228(b) proceedings found at 8 C.F.R. Part 238 do not provide for a motion to reopen (or reconsider).  Nor, unlike the Eighth Circuit, do we believe § 103.5(a)(1)(i) provides an administrative remedy available "as of right" to an alien subject to a FARO.  Section 103.5 appears in

(continued...)

6

procedural due process by denying him the right to object to the NOI:

> Here, the [DO] did not observe [DHS's] own rules and regulations when [he] issued a [NOI] and a FARO on the same date, at the same time. In so doing, the [DO] deprived [Petitioner] of all of the opportunities guaranteed by the regulations, including among them most significantly, the opportunity to present evidence to convince [DHS] to terminate § 1228(b) proceedings and allow him to obtain a decision on the merits of his application[] for [discretionary] relief before [an IJ].

Pet. Reply. Br. at 10.

## II.

We begin our discussion by summarily disposing of Petitioner's ongoing objection to the IJ's grant of DHS's motion to terminate his § 1229a proceedings.

---

[3](...continued)
8 C.F.R. Part 103, which addresses "Immigration Benefits." Section 103.2 provides that an alien seeking to remain in the United States may file a "benefit request" by submitting the required form and fee. Section 103.3 addresses the denial of requests "filed under § 103.2." Section 103.5(a)(1)(i) provides that an "affected party" may file a motion to "reopen the proceeding" or "reconsider the prior decision . . . within 30 days of the decision." Subsection (a)(1)(iii)(B) requires that such motion be submitted on a specified form and accompanied by a fee. In the event of a belated motion to reopen, § 103.5(a)(1)(i) further provides DHS may extend the 30-day filing period for good cause shown. That § 103.5(a)(1)(i) has no bearing on § 1228(b) proceedings seems to us apparent for any number of reasons. Read in context, the meaning of "affected party" in § 103.5(a)(1)(i) refers to an unsuccessful petitioner under § 103.2. A motion to reopen or reconsider filed by a petitioner subject to a FARO can hardly be labeled a "benefit request" pursuant to § 103.2 that must be accompanied by a filing fee. Moreover, providing a petitioner subject to a FARO 30 days (or more) in which to file a motion to reopen or reconsider makes little sense given the same petitioner has only 10 calendar days under 8 C.F.R. § 238.1(c)(1) to object after personal service of a NOI and only 14 days under § 1228(b)(3) to appeal before DHS may execute a FARO and remove him. The very purpose of § 1228(b) is to provide DHS an efficient method by which to *expeditiously* remove an unlawful alien previously convicted of an aggravated felony. A motion to reconsider or reopen pursuant to 8 C.F.R. § 103.5 is incompatible with that method.

7

Undoubtedly, the IJ's decision resulted in DHS instituting § 1228(b) proceedings against Petitioner and obviating the possibility that he might receive an adjustment of status under § 1255(i). But because the IJ's decision did not result in a final order of removal, that decision was not and is not subject to judicial review.[4] See Hamilton v. Gonzales, 485 F.3d 564, 565–66 (10th Cir. 2007). So the only way Petitioner can challenge the denial of his purported right to seek discretionary relief from removal is by arguing DHS denied him the opportunity to object to the NOI by issuing the FARO without waiting for the 10-day response period to elapse.

We also summarily dispose of DHS's suggestion that Petitioner either waived or forfeited his due process claim by failing to respond to the NOI.[5] See United

---

[4] An "order of removal" is defined in 8 U.S.C. § 1101(a)(47)(A) as "the order of the special inquiry officer [*i.e.*, the IJ], or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation."

[5] DHS further suggests the opportunity to "to inspect the evidence and rebut the charges" provided for in § 1228(b)(3) constitutes an administrative remedy that Petitioner failed to exhaust by not responding to the NOI. If DHS is correct, we would need to consider whether § 1252(d)(1) deprives us of jurisdiction. We are reluctant, however, to define the phrase "administrative remedy" as encompassing an opportunity for an alien, in the capacity of a respondent, to "rebut the charges" contained in an NOI issued pursuant to §1228(b). An administrative remedy in the removal context denotes a means by which an alien, in the capacity of a petitioner, may seek redress from an adverse agency decision. See, e.g., Shepherd v. Holder, 678 F.3d 1171, 1176–78 (10th Cir. 2012) (characterizing the unexcused failure to appeal an IJ's removal order to the BIA as a failure to exhaust); Sidabutar v. Gonzales, 503 F.3d 1116, 1122 (10th Cir. 2007) (characterizing the failure to raise new issues before the BIA by way of a motion to reconsider or reopen as a failure to exhaust). An opportunity to respond to charges in the same context does not

(continued...)

8

States v. Olano, 507 U.S. 725, 733 (1993) (explaining that waiver is the "intentional relinquishment or abandonment of a known right" while forfeiture is the "failure to make the timely assertion of a right"). Petitioner did not waive § 1228(b)'s procedural safeguards by refusing to acknowledge service of the NOI. The DO personally served the NOI on Petitioner, plain and simple. The regulations, in particular 8 C.F.R. 238.1(d)(1), authorize DHS to issue a FARO without delay only if an alien "concedes deportability." Nothing on the certificate of service form as marked by the DO suggests Petitioner conceded his deportability.

Nor did Petitioner forfeit his due process claim. Because § 1228(b)(3) does not authorize DHS to execute a FARO until 14 days after issuance, nothing really prevented Petitioner from responding to the NOI within 10 days. The service form does not indicate Petitioner wished to contest the NOI's charges based on DHS's inability to establish his deportability under § 1228(b); neither does it indicate Petitioner admitted those charges. But the form arguably suggests Petitioner wished to contest his removal on some unidentified basis, or at least request withholding of removal. Without clear indication that Petitioner did not intend to contest the charges contained in the NOI, the DO should have waited 10 days to issue the

---

⁵(...continued)
constitute a remedy in the usual sense. Wrongs give rise to remedies; mere charges do not. But see G.S. v. Holder, 373 F. App'x 836, 843 (10th Cir. 2010) (unpublished) (suggesting an alien's failure to timely respond to a NOI bars judicial review for failure to exhaust).

FARO. Instead, the DO served the NOI on Petitioner and issued him the FARO at the same time. The FARO undoubtedly provided Petitioner a final order from which to appeal, regardless of whether he responded to the NOI. Furthermore, the DO's premature issuance of the FARO effectively rendered any response Petitioner might make to the NOI a motion to reconsider, which neither § 1228(b) nor 8 C.F.R. § 238.1 recognize. Once the FARO issued, nothing required Petitioner to take administrative steps to preserve his due process claim for appeal. We therefore turn to the merits of Petitioner's claim that DHS deprived him of procedural due process by issuing the NOI and FARO at the same time.

An alien subject to removal "is entitled only to the Fifth Amendment guarantee of fundamental fairness." Schroeck v. Gonzales, 429 F.3d 947, 952 (10th Cir. 2005). This means Petitioner was entitled "to procedural due process." Id. But "an expectation of receiving process is not, without more, a[n] . . . interest protected by the Due Process Clause." Olim v. Wakinekona, 461 U.S. 238, 250 n.12 (1983) (explaining the purpose of procedural due process "is to protect a substantive interest to which the individual has a legitimate claim of entitlement"). To claim a violation of his right to procedural due process, Petitioner "must have a liberty or property interest in the outcome of the proceedings." Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009). The outcome Petitioner now seeks is "the opportunity to present evidence to convince [DHS] to terminate § 1228(b) proceedings and allow him to obtain a decision on the merits of his application for [discretionary] relief

10

before an [IJ]." Pet. Reply. Br. at 10. Petitioner has a constitutionally protected interest in such outcome *only if* § 1228(b) and its accompanying regulations provide substantive criteria limiting DHS's discretion to deny him that outcome. See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 462 (1989) ("[T]he most common manner in which [government] creates a [constitutionally protected] interest is by establishing 'substantive predicates' to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met."). They do not.

Section 1228(b), in tandem with 8 C.F.R. § 238.1, undoubtedly establishes substantive criteria bearing upon DHS's ability to expeditiously remove Petitioner. Subsections § 238.1(b) and (d) empowered the DO to issue the FARO only if "clear, convincing, and unequivocal evidence" established that Petitioner had not been lawfully admitted for residency, had been convicted of an aggravated felony, and was deportable under § 1227(a)(2)(A)(iii). 8 C.F.R. § 238.1(b)(1)(i)–(iv), (d)(1), (d)(2)(i), (d)(2)(ii)(B). Neither § 1228(b) nor 8 C.F.R. § 238.1, however, limited DHS's discretion at any point to institute § 1228(b) proceedings and effectively deny Petitioner discretionary relief. If Petitioner contested the charges that rendered him amendable to § 1228(b) proceedings, we might face a different situation. This is because the substantive outcome of those proceedings, that is, issuance of the FARO, would have depended on DHS establishing the charges outlined in the NOI and § 238.1(d). But Petitioner *never* has contested that he (1) is an alien;

11

(2) has not been lawfully admitted for residency; (3) has been convicted of an aggravated felony (and that conviction is final); and (4) is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). This sounds the death knell of his petition for review of the FARO because only a lack of that enumerated proof limited DHS's discretion to remove Petitioner pursuant to § 1228(b). Even if DHS, upon Petitioner's plea, might have terminated his § 1228(b) proceedings and freed him to seek discretionary relief from removal, absolutely nothing in § 1228(b) or § 238.1 provide any substantive predicates by which to measure such decision. Petitioner simply "has no liberty or property interest in obtaining *purely* discretionary relief." Arambula-Medina, 572 F.3d at 828 (emphasis added) (internal quotations omitted). And that is all Petitioner seeks.

The Petition for Review is DENIED. Petitioner's motion to file a supplemental opening brief is DENIED.