**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MIGUEL ANGEL LOPEZ LUVIAN,
*Petitioner*,

v.

MERRICK B. GARLAND, Attorney
General,
*Respondent.*

No. 18-73286

Agency No.
A089-389-099

OPINION

On Petition for Review of an Order of the
Department of Homeland Security

Argued and Submitted June 24, 2022
Pasadena, California

Filed July 19, 2022

Before: Kenneth K. Lee and Daniel A. Bress, Circuit
Judges, and Sidney A. Fitzwater,* District Judge.

Opinion by Judge Bress

---

*The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

## SUMMARY[**]

### Immigration

Dismissing for lack of jurisdiction Miguel Lopez Luvian's petition for review of an order of the Department of Homeland Security (DHS) reinstating his prior removal order, the panel held that an immigration petitioner who is subject to a reinstated order of removal may not challenge an earlier decision terminating separate removal proceedings.

Lopez was ordered excluded in 1996 and then unlawfully reentered the United States. In 2007, DHS served Lopez with a Notice to Appear (NTA) in immigration court, but later moved to dismiss the NTA as improvidently issued. DHS sought dismissal because it could reinstate Lopez's 1996 removal order through the more streamlined reinstatement process. The immigration judge denied DHS's motions and granted Lopez cancellation of removal, but the BIA granted DHS's motion to dismiss and terminated removal proceedings. DHS later issued an order reinstating Lopez's 1996 order, and he filed a petition for review, but did not challenge the reinstatement decision itself. Instead, he challenged the BIA's earlier decision terminating his removal proceedings.

Because Lopez's petition challenged only the BIA's decision terminating his removal proceedings, which did not result in a final removal order, the panel concluded that it lacked jurisdiction to consider the merits of his petition. The

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel relied on *Alcala v. Holder*, 563 F.3d 1009 (9th Cir. 2009), and *Galindo-Romero v. Holder*, 640 F.3d 873 (9th Cir. 2011), where petitioners sought review of BIA decisions terminating removal proceedings, and this court concluded that it lacked jurisdiction because 8 U.S.C. § 1252(a) limits the court's jurisdiction to review of "final orders of removal," and no such orders existed in those cases.

Lopez argued that the termination of his proceedings was effectively the "but for" cause of his reinstatement order because the termination set the stage for the government to then issue a reinstatement order. The panel rejected that contention, observing that the court turned down that same line of reasoning in *Alcala* and *Galindo-Romero* and explaining that it does not make sense to think of removal orders as "contingent" upon the termination of removal proceedings because the government must make a separate, independent showing to secure reinstatement. The panel found additional support for its conclusion in the Tenth Circuit's decision in *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238 (10th Cir. 2012), the only other decision the panel identified that approximated the situation here.

## COUNSEL

Saad Ahmad (argued), Saad Ahmad & Associates, Fremont, California, for Petitioner.

Rachel L. Browning (argued), Trial Attorney; Claire L. Workman, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

BRESS, Circuit Judge:

Can an immigration petitioner who is subject to a reinstated order of removal also challenge an earlier termination of separate removal proceedings, which did not itself result in any order of removal? Consistent with our precedents, we conclude that the answer is no. We dismiss the petition for lack of jurisdiction.

I

In 1996, petitioner Miguel Lopez Luvian (Lopez), a native and citizen of Mexico, attempted to enter this country at the southern border by falsely claiming to be an American citizen. A few days later, an Immigration Judge (IJ) ordered Lopez excluded from admission to the United States, and he was removed to Mexico.

In 1999, Lopez unlawfully reentered the United States and would remain here for some years. In February 2007, he applied for adjustment of status to be a legal permanent resident. In August 2007, U.S. Citizenship and Immigration Services (USCIS) denied Lopez's application because he had falsely represented that he was an American citizen when he applied for admission in 1996.

In September 2007, the Department of Homeland Security (DHS) served Lopez with a Notice to Appear (NTA) in immigration court. DHS charged Lopez with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant who, at the time of application for admission, was not in possession of valid entry documents. DHS also charged Lopez as removable under 8 U.S.C. § 1182(a)(6)(C)(ii) as an immigrant who had falsely

represented himself to be a United States citizen to obtain a benefit under federal law.  Lopez conceded removability on the first ground but not the second, and he applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

During Lopez's removal proceedings before an IJ, DHS twice moved pursuant to 8 C.F.R. § 239.2(a)(6) to dismiss Lopez's NTA as improvidently issued.  DHS essentially claimed that it had initiated the removal proceedings in error and now wanted to dismiss the NTA as unnecessary because it could simply reinstate Lopez's prior 1996 removal order through the more streamlined reinstatement process.  *See* 8 U.S.C. § 1231(a)(5).  The IJ denied DHS's motions to dismiss the removal proceedings.  Ultimately, the IJ concluded that Lopez was removable on both charged grounds but granted Lopez cancellation of removal based on exceptional hardship to his family.

DHS appealed the IJ's decision to the Board of Immigration Appeals (BIA) and renewed its motion to dismiss the NTA as improvidently issued.  In October 2014, the BIA sustained DHS's appeal, granted its motion to dismiss the NTA, and terminated Lopez's removal proceedings.  The BIA held that it was appropriate to dismiss the NTA as improvidently issued because DHS was permitted to reinstate Lopez's prior removal order.

Approximately two years later, in September 2016, DHS notified Lopez that it was reinstating his 1996 removal order. Lopez signed the notice and indicated that he did not wish to contest the agency's reinstatement determination.  He initially sought withholding of removal and protection under the Convention Against Torture, but then withdrew his requests for relief.  Lopez's reinstated removal order became final on November 20, 2018.

Within thirty days of that order, Lopez filed a petition for review. But the petition does not challenge the reinstatement decision itself. Instead, it purports to challenge the BIA's much earlier 2014 decision terminating his removal proceedings. As Lopez stated in the first line of his opening brief, he "is seeking judicial review of a decision of the [BIA] that terminated his removal proceedings on October 23, 2014." Lopez argues that the BIA erred in that termination decision, claiming that once DHS initiated removal proceedings in 2007, it was effectively unable to withdraw them and was path-bound to the full removal process and its attendant relief.

## II

The petitioner here was subject to reinstatement of his prior 1996 order of removal because he later illegally reentered the United States. *See* 8 U.S.C. § 1231(a)(5); *Lopez Vazquez v. Garland*, 17 F.4th 1232, 1234 (9th Cir. 2021). In these circumstances, reinstatement provides a more streamlined mechanism for effecting a "re-removal." "Reinstatement only requires proof that (1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Tomczyk v. Garland*, 25 F.4th 638, 643 (9th Cir. 2022) (en banc) (alteration omitted) (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc)). Once these three factual predicates are met, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). Unlike in ordinary removal proceedings, an alien subject to a reinstatement order is ineligible for cancellation of removal. *Vega-Anguiano v. Barr*, 982 F.3d 542, 551 (9th Cir. 2019).

Although § 1231(a)(5) "specifically bars relitigation of the merits of the reinstated removal order," we have limited

jurisdiction to consider certain challenges to reinstatement proceedings. *Villa-Anguiano v. Holder*, 727 F.3d 873, 877 (9th Cir. 2013); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We may determine if the three "factual predicates" for reinstatement have been met. *Villa-Anguiano*, 727 F.3d at 877–78. We may review "'constitutional claims or questions of law' that are 'raised in the context of reinstated removal orders.'" *Andrade-Garcia*, 828 F.3d at 833 (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008)). And 8 U.S.C. § 1252(a)(2)(D) permits us to review a petitioner's claim "that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Vega-Anguiano*, 982 F.3d at 544 (quoting *Garcia de Rincon*, 539 F.3d at 1138); *see also Lopez Vazquez*, 17 F.4th at 1234 (noting that the "gross miscarriage of justice" standard is "a high one").

In this case, however, Lopez advances none of these permitted challenges, limited though they may be. Instead, Lopez purports to challenge only the BIA's 2014 decision permitting DHS to terminate his removal proceedings as improvidently issued, effectively claiming that this decision paved the way for his eventual reinstatement order. In essence, Lopez seeks to create a new ground for judicial review in the reinstatement context beyond those we have previously recognized. But because Lopez's petition challenges only the BIA's earlier decision terminating his removal proceedings, which did not result in a final removal order, we conclude that we lack jurisdiction to consider the merits of his petition.

The two key precedents that lead us to this conclusion are *Alcala v. Holder*, 563 F.3d 1009 (9th Cir. 2009), and *Galindo-Romero v. Holder*, 640 F.3d 873 (9th Cir. 2011). In

both cases, a petitioner sought review of a BIA decision terminating removal proceedings, even though no final removal order had issued. Both times, we concluded that we lacked jurisdiction to review the BIA's termination decision.

Alcala unlawfully entered the United States, was ordered removed, and then unlawfully reentered. *Alcala*, 563 F.3d at 1011. The government initiated new removal proceedings following the unlawful reentry but then, as here, later moved to dismiss them so that it could pursue reinstatement of Alcala's prior removal order. *Id.* at 1012. The IJ granted the government's request to terminate the removal proceedings, and the BIA affirmed. *Id.* Alcala then sought review in our Court, arguing that his removal proceedings should not have been terminated. *Id.* Alcala also filed a motion to reopen the terminated removal proceedings. *Id.* After the BIA denied it, Alcala petitioned for review of that decision, too. *Id.* at 1012–13. At the time we resolved Alcala's petitions, and "[f]or reasons unknown," the government had not yet reinstated Alcala's removal order. *Id.* at 1013.

We dismissed Alcala's petitions for lack of jurisdiction because "the authorizing statute"—8 U.S.C. § 1252(a)— "limits our jurisdiction to review of final orders of removal" and "no such order exists in this case." *Id.* at 1011. We explained that because "an order dismissing removal proceedings is not an order of removal, we lack jurisdiction over Alcala's petitions for review." *Id.* at 1013. We further noted that "[w]hen, and if, the government chooses to reinstate the [prior] expedited order of removal, Alcala may seek whatever judicial remedies are afforded to an alien in reinstatement proceedings." *Id.* at 1014.

*Galindo-Romero* presented a similar situation. Galindo unlawfully entered the United States, was placed in removal proceedings, and sought cancellation of removal. *Galindo-*

*Romero*, 640 F.3d at 875. Galindo then left the United States and then attempted to reenter using false pretenses. *Id.* An expedited removal order was issued against him, and he was removed. *Id.* Galindo then unlawfully reentered again and sought to resume his original removal proceedings, in which he had been seeking cancellation of removal. *Id.* at 876. The government informed the IJ of Galindo's expedited removal order, which had not yet been reinstated. *Id.* The IJ terminated the removal proceedings based on the expedited removal order, and the BIA dismissed Galindo's appeal. *Id.* at 876–77. Galindo then petitioned for review, challenging the termination decision. *Id.* at 877.

We concluded that we lacked jurisdiction to reach the merits of the petition. As in *Alcala*, we held that we "lack[ed] jurisdiction to review the agency's termination of Galindo's formal removal proceedings because the decisions of the BIA and IJ resulted in no order of removal at all." *Id.* Galindo argued that the BIA's termination order should have been regarded as "effectively a final order of removal because the impediment to the [prior] order's enforcement has been eliminated." *Id.* at 878 (alteration in original) (quotations omitted). But *Galindo-Romero* rejected that argument as "based on the faulty premise that the BIA's decision allows the expedited removal order to spring to life, a proposition that is in direct conflict with our controlling decision in *Alcala*." *Id.* (quotations and alterations omitted). The reason Galindo's premise was faulty was because the reinstatement of his prior removal order was "not automatic": the government was required to undertake various steps to secure a reinstatement order, which it had yet to do. *Id.* at 879–80 (quotations omitted).

The difference between this case and *Alcala* and *Galindo-Romero* is that here, the government has secured a

reinstatement order against Lopez.  That would give us jurisdiction to consider certain challenges to that order if Lopez had raised them, as we discussed above.  But because Lopez only challenges the earlier termination of removal proceedings that did not result in a final order of removal, we think the logic of *Alcala* and *Galindo-Romero* tells us that we lack jurisdiction to consider Lopez's petition for review.

As in *Alcala* and *Galindo-Romero*, the termination of Lopez's removal proceedings was not itself a final order of removal, and our jurisdiction is limited to such orders.  *See* 8 U.S.C. § 1252(a); *Acala*, 563 F.3d at 1013; *Galindo-Romero*, 640 F.3d at 877.  Lopez responds that the termination of his removal proceedings here was effectively the "but for" cause of his later reinstatement order because the termination of his removal proceedings set the stage for the government to then issue a reinstatement order.  But we turned down that same line of reasoning in *Alcala* and *Galindo-Romero*.

Those cases specifically rejected the petitioners' assertions that the termination of their removal proceedings was reviewable because a reinstated removal order was foreordained.  *Alcala*, 563 F.3d at 1013; *Galindo-Romero*, 640 F.3d at 878–79.  We stressed that reinstatement is not "automatic" and instead requires the government to follow certain procedures to obtain a reinstated removal order. *Alcala*, 563 F.3d at 1013; *Galindo-Romero*, 640 F.3d at 879–80.  Because the government must make a separate, independent showing to secure reinstated removal orders, it does not make sense to think of them as "contingent" upon the earlier termination of separate removal proceedings.  The termination of removal proceedings does not produce a reinstated removal order.  Indeed, *Galindo-Romero* held that

we lacked jurisdiction because the termination of removal proceedings "*resulted in* no order of removal." 640 F.3d at 877 (emphasis added).

The same is true here. We have never held that our ability to review earlier rulings on which a final removal order is "contingent" (such as an antecedent legal ruling, *see, e.g.*, *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014)), extends so far as to permit review of prior orders terminating separate removal proceedings that do not result in reinstated removal orders (or, indeed, any final order of removal). To the contrary, undertaking that review here would be at odds with the basic logic of *Alcala* and *Galindo-Romero*. The reinstatement process is a separate legal proceeding from any aborted removal processes. *See Alcala*, 563 F.3d at 1013; *Galindo-Romero*, 640 F.3d at 877. Our ability to review certain aspects of the former does not give us jurisdiction over the latter.

We find additional support for our conclusion in the Tenth Circuit's decision in *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238 (10th Cir. 2012), the only other decision we have identified that approximates the situation here. In *Aguilar-Aguilar*, DHS commenced removal proceedings against the petitioner and then sought to dismiss them as improvidently entered so that it could instead seek petitioner's expedited removal based on his conviction for an aggravated felony. *Id.* at 1240. DHS then secured a final order of removal through the expedited removal process. *Id.* In a petition for review, the petitioner claimed that the IJ had erred in terminating the original (non-expedited) removal proceedings. *Id.* at 1241, 1243.

The Tenth Circuit "summarily dispos[ed]" of this argument. *Id.* at 1243. It explained that "because the IJ's [termination] decision did not result in a final order of

removal, that decision was not and is not subject to judicial review." *Id.* at 1243. That was true even though "[u]ndoubtedly," the termination of the original removal proceedings in some sense "resulted in" the later institution of separate expedited removal proceedings. *Id.* Although *Aguilar-Aguilar* did not involve a later reinstatement order, its reasoning is consistent with our reasoning here, and with the broader reasoning in *Alcala* and *Galindo-Romero* on which we have relied.

\*     \*     \*

For the foregoing reasons, the petition for review is

**DISMISSED.**